here today is United States v. Sichting. And Ms. Hall, whenever you're ready, we'll hear from you. May it please the Court. I'm Janice Hall. I represent Mr. Sichting in this case on appeal. The first issue I'll address is the grouping issue. If our standard for conviction in the court system is beyond a reasonable doubt, then any ambiguity must be decided in favor of the defendant. The grouping statute, the grouping application of the guidelines is probably one of the most confusing. In this case, we have a guidelines grouping, non-grouping offense. We had two offenses in this case. One, which was a retaliation against a federal witness, had the same two victims in it. We also had a second offense of use of interstate commerce, which was using the phone, contacting someone outside the jail in letters to the individuals to affect the murders or attempted murders of these two witnesses, witness and a wife. If you look at 3D1.2, we can assume the pre-sentence report used subsection D, which has an exclusion for 2E1.4, which is the use of interstate commerce in count one of this case. Specifically excluded from the operation of this subsection in count one is 2E1.1. Underneath that section, before it goes into the commentary, it states exclusion of an offense from grouping under the subsection does not necessarily preclude grouping under another subsection. That in and of itself is contradictory. So if you hit an exclusion under subsection D. Why is it contradictory about it? To be clear to me, they're saying just because it's not excluded under D, you still need to look at A, B, and C, and it seems like it's pretty clearly covered by C. Well, if you go under A, B, and C and go in chronological order and you find that this case would affect B under A, same victim, same act or occurrence, or even under B, which is same victim and same objective, then you continue through the subsections and come to D, which then says excluded. Then you go back down again below D, and it says to go back up to A, B, and C. So listen, you're under plain error review, right? That's correct. So if you think, I don't understand how you're arguing for your client. If it's confusing and it's not obvious what the answer is, then I guess your client loses, right? So how are you up here making this argument? That's a good question. Okay. That's a good question, Your Honor. This case initially, when I filed a brief, I filed that it wasn't plain error. And so there was a request by the Court of Appeals for the U.S. attorney to file an adversarial brief. So I'm trying to look at it from a different perspective than I did initially because initially I saw there was not a plain error. This argument was raised in the transcripts. If you look at the transcript of the sentencing, it was raised in only two areas. It was mentioned before counsel started an argument that it could be affected in the end. And she argued the issue of what was otherwise extensive in scope, planning, and preparation. And when she argued that issue and the judge declined to reduce the levels by two, she never argued the other issue. So what's on the record is being there. There was no basis argued for that grouping to be there. So in preparation for today, I went through and looked to see if I could find something that would affect the grouping issue as requested by the Court of Appeals. And in looking at that, the application of the guidelines through that subsection, 3-1.2, is not consistent when you go through it. There's nothing in the commentary that helps us in this situation with these two situations, with these two counts. Because under the retaliation, if you look at this issue, the retaliation uses the use of interstate commerce. So in essence, it's an element of the offense of the retaliation action. So it would appear to me to be under the same victims and same common occurrence. But this pre-sentence report didn't cite within the pre-sentence report, and that would be paragraph 42, I'm sorry, not 42, 47, when it went through a multiple count adjustment and over to page 10 and 49, paragraph 49, it talks about 3D1.4, but it never talks about which subsection was applied in determining this should be a non-grouping multi-offense level case. Even if you're correct regarding the grouping error, and I think you make a fair argument, why do we have his substantial rights being implicated here? I mean, where is there a reasonable probability that he would have received a lesser sentence? I mean, after all, this man was trying to kill his ex-wife and person who had produced evidence against him. Where is the reasonable probability that there would have been a different result regarding the sentencing? If you look at the guideline ranges, it would have dropped one level. And the judge sentenced Mr. Seeching to the mid-range of the level where he was, which was 135 months. The range was 121 to 151. If you drop one level, it would be a level 29, which would be 108 to 135. Mid-range there would be 125 months. So it was a 10-month difference. So you're saying that reasonable probability is established if the mid-range of the sentence is different under the guidelines? I don't have anything else, Your Honor. I'm sorry. Are you familiar with the case, the Supreme Court case called Molina-Martinez? Martinez? Yeah. Do you know that? What was that issue? I missed that one. Well, the issue was whether we should correct on plain error a guidelines error if the guidelines would drop under the correct calculation. And the Supreme Court held, yes, you should basically presume that a different range will make a difference in the sentencing. Right. And so that is enough to show an effect. In the average case, that's going to be enough to show an effect on substantial rights for plain error review. Well, thank you, Your Honor. Doesn't that seem like that would apply here? Well, it does. And, you know, me sitting here 10 months might not seem a whole long time. Well, let me ask you, this is just a, this is one of those calculus questions. Oh, no. You go through these guidelines like you do the Internal Revenue Code. But as I understand it, the basic guideline you started with is under 2E1.4, right? 2D1.4. 2E. What, 2E? 1.4. Use of interstate facilities to commission a murder for hire. That's correct. And that says the base offense level is 32? That's correct. Or the offense applicable to the underlying unlawful conduct, right? Right. Whichever is larger. Whichever is larger. Okay. And the underlying conduct is solicitation to commit murder. Right. 2A1.5. Right. The base offense level on 2A1.5 is 33. One level higher. One level higher. But then it says also, if anything of pecuniary value is offered, raise four levels. That would be 37. Yeah. So, if it goes back, you're going to be stuck. I mean, this was overlooked, but you're going to be stuck with a 37. Well, actually, I think that, I did look at that. I know. I know. Nobody did. And then another issue. I was going to the substantial justice in this case. Right. I don't know whether this guy looks like he got a break. And I agree, Your Honor. And subsequently, like I said, I filed an Andrews brief that didn't find an issue for appeal. Because I think there is a definite risk to this man if he goes back before the district court. Even if I'm, and I'm arguing against myself now, and I don't know if I should be doing that. My question is more fundamental. I mean, you're asking for relief, which would be the vacation of the sentence and resentencing, I suppose. And if he's resentenced and all the guidelines are applied accurately, or at least the way you and I think they should be applied. Could be. You start with 2E1.4 and you get up to 37, which is much higher than the level that he was charged with. They somehow overlooked the fact that anything of pecuniary value is offered. And it was offered in this case. The actual amounts were discussed. That's right. And agreement reached. And you'd raise it four levels for that. And we also have a problem with 2J1.2. I mean, 3D1.4C. Because the last subsection of that with the units says that, I mean, I don't know what else to do. The last one of the units says that if these units don't apply, but you see that there's something. Let me see what the actual language is. But if you see something that's so bad, that's a basis for an upward variance. So I really don't want the court to grant this appeal because it would hurt him. And he did not, if you look under 3D1.4C, if you disregard any group that's not on more levels less serious than the group at the highest level, which could happen in this case if you grant the second issue in this appeal, such groups will not increase the applicable guidelines level, but may provide a reason for sentencing at the higher end of the guideline range for the applicable offense level. That puts us right back at 135. I wish I had some stimulating legal argument. Well, that isn't the issues where they're stimulating. It's what's of interest to your client in the circumstances. It is. And it isn't to his best interest for this to go back for resentencing, I don't think. You still want him resentenced? I never did request that, Your Honor. My initial brief did not request that. Okay. But it is an interesting issue. The grouping issue to me is contradictory. The issue of otherwise extensive in scope and planning is an interesting issue before the court. There's not a whole lot of guidance in the courts on examples of that, and I don't think this case would be a case that I think I would have a good argument for it not being extensive in scope or extensive in planning and preparation. But, again, I don't see a benefit to my client from a resentencing. Because of those issues, you... Do I understand you're not asking for resentencing? And we can't correct this on appeal, can we? We can't do anything. No, Your Honor. And like I said before, I didn't ask for it initially. We were asked to do... The U.S. Attorney was asked to do an adversarial brief in reference to those two issues. And I'm prepared to answer any questions the court has in reference to those two issues, the grouping issue and the extensive in scope and planning issue. I just don't know where to proceed from there. All right. Thank you. Thank you. Ms. Howard? Tell us what we should do. I argued for an upward variance at sentencing, Your Honor. I think the court was very clear in its sentence that after considering all the factors, that the 135-month sentence was a sentence that met those factors, the court should affirm the sentence. This is a very factually very interesting case. Well, let's go through just briefly the steps that we just went through with your colleague. If there is a grouping error as identified and the result is a reduction to one level, you do have the Supreme Court's case saying that on plain error we have to recognize that error. We should. But then the question is you get into it a little closer and you look under the, I think, unambiguous 2E1.4. It looks to me like his basic guideline range is 37, not 32. And if that's so, he's going to get a higher sentence. Exactly, Your Honor. No one caught that at the sentencing letter? No one caught the other two either. Wait, what happened? Or the, sorry? No one caught the grouping issue? Well, no one objected to the grouping issue. That was never objected to in the lower court. And the government never said you've got the wrong offense level here. You're correct, Your Honor. There was no cross appeal. There is no cross appeal. Only recently did I discover that solicitation for murder was the appropriate guideline. Well, that's the underline. You can start at 2E1.4. 2E1.4 and then go to 2A1. Or the underline, whichever is larger. And the underline happens to be solicitation to commit murder. And it is larger because the base offense level is 33. Yes. Now, when you're down there, you've also got the pecuniary exchange, which really makes it 37. And now we can group, maybe, and we end up someplace else, don't we? Yes. Yes, you do. You end up at a different level. So what's your bottom line on this appeal? My bottom line on the appeal is the 135-month sentence that the judge stated. You think it should be just affirmed? It should be affirmed. All right. Anything else? Well, hang on. I'm sorry. And what else should we say? It's affirmed because why? The court did not clearly err. The court set its reason for the 135-month sentence. What about the fourth factor of plain error review? Even if we thought there had been a plain error in grouping, and even if we thought that under Molina-Martinez it affected substantial rights, we only correct plain errors when it's at our discretion. Yes, your discretion. Is that a possible place where we could put this case? I'm really struggling with trying to figure out how we're supposed to think about this case as a legal matter. I'd be grateful for any guidance. It is a difficult question. The 135-month sentence did not appear to encompass all the conduct that the defendant did in this case, not only having one person murdered as he had in his previous conviction. It seems to me the earlier question to you was you didn't cross appeal, so you really can't seek a higher sentence. I agree, your Honor. And perhaps I should have crossed appeal. So you're not seeking a higher sentence. Then the question is, and it sounds to me like the defendant doesn't want a resentencing because of the risk of a higher sentence, I suppose. And nobody objected to anything, and we're looking at it under plain error. Maybe we should just say there may be error, but we choose not in the circumstances not to recognize it because the government doesn't want it and the defendant doesn't want it. Yes, your Honor, that's exactly the position that we are in, and perhaps the government should have crossed appealed in this case. Well, what about the end? Could I ask you about the fact that Melina Martinez talks about the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights? Would you be arguing? So you're not trying to fit yourself into that narrow exception where the court said in most instances it suffices. You're not saying that this is an instance that it doesn't. In other words, a narrow exception to the Melina Martinez rule. It could fit within a narrow exception. Okay, why? It could. Why could it? In this particular case, the result would be a higher guideline range. If we went back and used the proper calculations and used the cross-reference to solicitation for murder and then added the four levels for the pecuniary value, then it would be at a 37 as opposed to starting at a 32. I mean, one thing that makes me nervous is I've looked at the guidelines, and that is the way they read to me also that we should have been at 37, but it's not like anyone's ever briefed or argued that question or the district court had the benefit of thinking about it. But your view is we can take that as good law. No one's briefed it. No one's argued it. No one's ever decided it in this case, but we should just work from that premise. There was an error here. I don't know the answer to that. I agree. I don't know the answer to that. Well, how about not even going that far? How about going that the defendant doesn't ask that he be resentenced and the government didn't cross-appeal to justify its request for a higher sentence, and therefore we have nothing before us? I think you could also determine it in that fashion. Does that make you happy?  Yes, sir. All right. Thank you. Thank you. Ms. Hall, do you have anything further that can help us? Just a couple, Your Honor. And unfortunately, I don't have the case in front of you that you had mentioned earlier on plain error. But it's my understanding. The Supreme Court basically held that even on plain error, if it moves, the plain error moves you out of one level to another, even though there may be overlapping sentences. But in this case? It's a substantial. It doesn't say we have to recognize the error, but it does recognize that it's an error. The couple of cases I did review, it seems that I remember, and I unfortunately didn't bring those with me. I brought the cases that I reviewed on the two issues, the grouping and the more than extensive planning. But it seems to me that those were the plain error has to be an error occurred, that it has to be a plain error. But the third is that it substantially affects the rights of the defendant. Right, and that's what the Supreme Court was addressing. I'm sorry, that's what the Supreme Court addressed in that case, and it said if the error shifts the guideline range, that's an effect on substantial. But we're talking about the rights of the defendant, not the rights of the United States. Right, and the Supreme Court held it substantially affects the rights of the defendant. So if you find plain error, I don't think that you can find plain error in favor of the U.S. No, but the remedy is what? Remand and re-sentence, right? Well, I don't know if there's an option out there for that, because if you look at plain error, that's a decision that's made in favor of the defendant, not in favor of the government, in this case, because we filed the appeal and there's no cross appeal. So, I mean, is it substantially affecting the rights of the government? What are you requesting? I'm requesting that it stay at 135, because I think when I filed my brief, and if you looked at the grouping and the extensive scope and planning issues involved, it only reduced it by one level. If you reduced it by one level, you were still within the 125 to 135. And if you looked at 2D1.4, that last line that says you can still go to the high end of the range if the grouping doesn't apply. So either way you do the analogy under the two issues that were raised before the court, it's 135. I'll stop. All right. We hear you. Thank you. We'll come down. Ms. Hall, I understand you're court appointed. I want to recognize your service to the court. Of course, it's very important. We'll come down and greet counsel and take a short recess. This honorable court will take a brief recess.
judges: Paul V. Niemeyer, Barbara Milano Keenan, Pamela A. Harris